UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 18 Blackbears, LLC, *et al.*,<br><br>　　　　　　　　　　Appellants,<br><br>　　　　-v-<br><br>Benjamin Futernick Dynkin,<br><br>　　　　　　　　　　Appellee. | 2:22-cv-7828<br>(NJC) |

# MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, District Judge:

　　Before the Court is a Motion by Appellants 18 Blackbears, LLC ("18 Blackbears") and Ben Zion Alcalay ("Alcalay") (collectively, "Appellants") for an order imposing conditions on the withdrawal of Attorney Gary Fischoff ("Fischoff") and his firm as Appellants' counsel on this appeal. (Mot. ECF No. 19.[1]) Appellants, represented by Attorney Jonathan Davidoff ("Davidoff"), contend that Fischoff's failure to timely file their proof of claims and adversary complaint in the underlying bankruptcy action prejudiced them by resulting in the dismissal of their untimely adversary complaint and the ultimate discharge of the debtor. Appellants argue that they are entitled to be reimbursed for up to $5,000 in legal fees and costs for engaging replacement counsel and for replacement counsel's time learning the record to prosecute this appeal. (*See id.* at 5, 7.) For the following reasons, the Court denies the Motion with prejudice.

---

[1] Citations to "ECF" refer to the electronic docket for this matter, citations to "Bankr. ECF" refer to the electronic docket in the underlying bankruptcy action, *In re Benjamin Futernick Dynkin*, No. 8-22-70234 (AST) (Bankr. EDNY), and citations to "Adv. Proc. ECF" refer to the electronic docket in the underlying adversary proceeding action, *18 Blackbears LLC et al v. Dynkin*, 22-ap-8074 (AT).

## BACKGROUND AND PROCEDURAL HISTORY

Appellants' Motion for an order imposing conditions on Fischoff's withdrawal focuses on actions that he took—or did not take—in the underlying bankruptcy action. On August 18, 2022—just four days before an August 22, 2022 filing deadline—Fischoff, on behalf of Appellants, filed a second motion to extend the deadline to file Appellants' adversary complaint in the underlying bankruptcy action.[2] (*See* Memorandum and Order Denying Appeal ("Mem. & Order"), ECF No. 24 at 4.) The debtor objected on September 6, 2022, and the Bankruptcy Court held a hearing on the motion on September 13, 2022. (*Id.*) On September 14, 2022—more than three weeks after the filing deadline—Fischoff filed Appellants' untimely adversary complaint. (Compl., Adv. Proc. ECF No. 1; *see also* Bankr. ECF No. 56.) On November 29, 2022, six weeks after an October 17, 2022 deadline, Fischoff filed Appellants' proof of claims in the underlying bankruptcy action. (Mot. at 3; Bankr. Claims Register, Claim No. 5.) On December 21, 2022, the Bankruptcy Court denied Appellants' second motion to extend the deadline and dismissed the untimely filed adversary complaint. (*See* Mem. & Order at 4.) On December 22, 2022, Fischoff filed a notice of appeal of the Bankruptcy Court's order with this Court. (ECF No. 1.) The appeal was fully briefed on March 13, 2023. (ECF Nos. 10–12.)

On December 30, 2022, Appellants filed a motion in the Bankruptcy Court to stay the order denying Appellants' second motion to extend the deadline for filing an adversary complaint. (Bankr. ECF No. 74.) On January 24, 2023, the Bankruptcy Court held a hearing on the motion to stay and denied it. (Bankr. Elec. Order, Jan. 24, 2023.) Having failed to achieve a

---

[2] For a more complete procedural history of the underlying bankruptcy proceeding and the filing of the instant appeal, *see* Mem. & Order, ECF No. 24.

2

stay in the Bankruptcy Court, Appellants filed a motion to stay the order in this Court on January 27, 2023. (ECF No. 7.) On January 31, 2023, this Court denied that motion. (Elec. Order, Jan. 31, 2023.) On February 1, 2023, Appellants moved for reconsideration, which this Court also denied. (ECF No. 9; Elec. Order, Feb. 1, 2023).

On April 4, 2023, Davidoff's firm received an email from Fischoff's firm's insurance company advising that it was investigating a potential malpractice claim by Appellants against Fischoff's firm. (Mot. Ex. L, ECF No. 19-2.) On May 26, 2023, on Appellants' behalf, Davidoff issued a demand letter to Fischoff's firm's professional liability carrier, which asserted legal malpractice claims against Fischoff and his firm. (Opp'n at 3, ECF No. 21; *id.* Ex. 1, Demand Ltr., ECF No. 21-1.) Fischoff emailed Davidoff to ask whether Appellants would consent to his withdrawal from serving as their counsel in light of Appellants' demand letter. (Mot. Ex. M at 2, ECF No. 19-13.)

Appellants refused to consent to substitution of other counsel, and on August 2, 2023, Fischoff moved to withdraw as Appellants' counsel. (ECF No. 13.) Fischoff stated that Davidoff informed him that Appellants considered him responsible for the Bankruptcy Court's denial of their motion for an extension of time to commence an adversary proceeding. (*Id.* at 1–2.) Fischoff further stated that Appellants' allegations of legal malpractice against his firm created a potential conflict of interest regarding their continued representation. (*Id.* at 2.)

On August 13, 2023, Appellants opposed Fischoff's request to withdraw as counsel. (ECF No. 14.) Appellants contended that although "in almost all situations, a client would seek to substitute counsel for one that has committed malpractice . . . in this instance, withdrawal and discharge is improper as the Appellants will be greatly prejudiced by the Firm's withdrawal as counsel in this appeal." (*Id.* at 1.) According to Appellants, although Fischoff, "was solely

3

responsible for handling all appearances and filings in the Bankruptcy Action on behalf of the Appellants," he had failed to timely file both Appellants' adversary complaint and Appellants' proof of claims, and he filed the adversary complaint without giving Appellants or Davidoff an opportunity to review it. (*Id.* at 1–3.) Appellants further stated that Fischoff "admitted that he erred in not filing the proof of claims, and . . . [as a result] agreed to file the instant appeal without any charge to the Appellants." (*Id.* at 3.) Appellants contended that they would be prejudiced if Fischoff were permitted to withdraw because they would be required to retain new counsel and "incur substantial attorney's fees merely for new counsel to become educated in this matter, including to address the Firm's negligence and errors – possibly for now [sic] reason if the appeal is denied." (*Id.*) Appellants requested that Fischoff's firm be required to continue as counsel until the Court issued a decision on the appeal. (*Id.*)

On August 21, 2023, the Court granted Fischoff's request to withdraw as counsel for Appellants noting that "[t]here has clearly been an irreparable breakdown in the attorney-client relationship, and this Court sees no point in forcing these parties to stay together when Appellants have no confidence in their counsel." (Elec. Order, Aug. 21, 2023). The Court conditioned Fischoff's withdrawal on his reimbursement to Appellants of "reasonable legal fees and costs in engaging replacement counsel to the extent necessary to learn the history and background of the case, up to the amount of $5000." (*Id.*)

That same day, Fischoff moved for reconsideration of the Court's order. (ECF No. 16.) Fischoff reiterated his argument that the "existence of a legal malpractice claim clearly creates a conflict between Appellants and the Firm, requiring" his withdrawal as Appellants' counsel. (*Id.* at 1–2.) He "vigorously" disputed the allegations of malpractice, and requested the Court vacate the award of fees, which Appellants had not requested in their opposition. (*Id.*) On August 22,

4

2023, the Court granted the motion for reconsideration and vacated the condition of withdrawal requiring Fischoff to reimburse Appellants up to $5,000 for reasonable legal fees for replacement counsel because that condition was imposed without notice to Fischoff. (*Id.*) The Court noted that it "is entitled to impose conditions on withdrawal which may include mitigating the prejudice to the client from withdrawal" and permitted Appellants to move for such a condition on notice. (*Id.*) Later that day, Appellants filed an opposition to Fischoff's motion for reconsideration and the Court deemed that filing Appellants' motion to impose a $5,000 "sanction" as a condition of Fischoff's withdrawal so that new counsel can learn the record. (ECF No. 17; Elec. Order, Aug. 22, 2023).

On August 23, 2023, Appellants filed the instant Motion requesting an order conditioning Fischoff's withdrawal on the reimbursement of Appellants' reasonable legal fees and costs up to $5,000 associated with engaging new counsel "to complete the prosecution of the instant appeal." (Mot. at 1.) Appellants argue that Fischoff's "negligence in failing to timely file the adversarial proceeding and both of the Appellants' proofs of claims greatly prejudiced the Appellants" by resulting in the debtor's discharge. (Mot. at 5.) More specifically, Appellants argue that although the deadline to file the adversary complaint was August 22, 2022, Fischoff: (1) advised them that the deadline was September 13, 2022; (2) scheduled examinations pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to take place less than a week before the August 22, 2022 date; (3) failed to do anything to prepare to file the adversary complaint during August 2022; (4) filed an untimely adversary complaint that was "essentially a copy and paste job of the complaints filed in" related state court actions; and (5) eliminated any potential relief for Appellants by failing to timely file their proofs of claims. (Mot. at 2–3.) According to Appellants, Fischoff "admitted to his error in failing to timely file the Appellants' proofs of

5

claims" and agreed to file a motion for reconsideration of the Bankruptcy Court's order and the instant appeal at no cost to Appellants. (*Id.* at 3.) Appellants further represent that Fischoff continued to state that he would represent Appellants "on all aspects of the instant appeal," including as late as May 17, 2023. (*Id.*)

On August 29, 2023, Fischoff filed an Opposition that makes three arguments. (Opp'n.) First, Fischoff argues that Appellants triggered the need to withdraw by pursuing a legal malpractice claim against his firm. (*Id.* at 1–2.) Second, Fischoff contends that Appellants fail "to provide a basis for the imposition of sanctions because [Fischoff's firm] has not violated any court orders or rules, warranting the issuance of sanctions." (*Id.* at 4.) Fischoff argues that Appellants attempt to obtain sanctions based on unsubstantiated allegations of negligence that occurred in the underlying bankruptcy action, not in the instant appeal. (*Id.*) According to Fischoff, the issue is whether Appellants will suffer prejudice based on Fischoff's withdrawal in the present appeal, not whether they suffered prejudice in the underlying bankruptcy action as a result of alleged malpractice. (*Id.*) Fischoff argues that Appellants suffer no prejudice from withdrawal in this action because the appeal is fully briefed and no oral argument was anticipated—as a result, "no further actions arising from the Bankruptcy Appeal would generate legal fees." (*Id.* at 5.) Third, Fischoff argues that Appellants seek sanctions by improperly attempting to litigate their legal malpractice allegations. (*Id.* at 5–6.)

On October 11, 2023, the appeal was reassigned to this Court's docket. (Elec. Order, Oct. 11, 2023.) On February 6, 2024, this Court denied Appellants' appeal, finding that the Bankruptcy Court did not abuse its discretion in denying Appellant's second motion to extend the deadline to file an adversary complaint and dismissing the untimely adversary complaint. (ECF No. 24.)

## DISCUSSION

An attorney of record for a party "may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order . . . upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement . . . ." Local Civil Rule 1.4. The decision to grant or deny a motion to withdraw as counsel "falls to the sound discretion of the trial court." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quotation marks omitted). "A court may establish conditions before permitting withdrawal." *Monteleone v. Leverage Grp.*, No. CV-08-1986 CPS SMG, 2009 WL 909820, at *2 (E.D.N.Y. Apr. 1, 2009) (brackets and quotations omitted). Courts have conditioned attorney withdrawal on the requirement to continue representation through certain stages of the litigation and the requirement to provide a copy of the order permitting withdrawal to the client and to explain to the client what it means. *See e.g., Beshansky v. First Nat'l Entertainment Corp.,* 140 F.R.D. 272, 274 (S.D.N.Y. 1990) (conditioning defendants' counsel's withdrawal on counsel providing defendants with a copy of the Court's order regarding the withdrawal, discovery delays, and sanctions, and "explain[ing] its requirements and significance to them."); *see also Emile v. Browner*, No. 95 CIV. 3836(SS) (THK), 1996 WL 724715, at *2 (S.D.N.Y. Dec. 17, 1996) (collecting cases).

The Court denies Appellants' request for reimbursement of up to $5,000 in legal fees spent on engaging replacement counsel to "complete the prosecution of this appeal" (Mot. at 1), for four related reasons. First, Appellants' conduct—not Fischoff's—created the conflict of interest that necessitated Fischoff's withdrawal as appellate counsel. By serving the May 26, 2023 demand letter asserting legal malpractice claims, Appellants created the conflict of interest that required Fischoff's withdrawal. *See* N.Y. Rule Pro. Conduct 1.7 ("[A] lawyer shall not

represent a client if a reasonable lawyer would conclude that either . . . the representation will involve the lawyer in representing differing interests; or . . . there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests."); *Craig v. City of New York*, No. 120CV02152LDHPK, 2022 WL 2238451, at *7 (E.D.N.Y. June 22, 2022) ("An impermissible personal interest stemming from avoiding litigation has been found in cases where disputed attorneys have already been implicated in an investigation or other proceeding."). The Court will not require Fischoff to reimburse Appellants for replacement counsel's legal fees where Appellants directly caused the immediate need for replacement counsel.

Second, there is no need to reimburse Appellants for legal fees to engage new counsel "to complete the prosecution of the instant appeal" because this Court has denied the appeal. (Mot. at 1; Mem. & Order.) Indeed, there has been no need for any legal work on this appeal since it became fully briefed on March 13, 2023. (*See* ECF No. 12.) Notably, that was *three weeks* before Fischoff moved to withdraw on April 4, 2023, two months before Fischoff advised Appellants that there was not likely to be oral argument on the appeal on May 17, 2023, and five months before the Court's original order granting withdrawal of counsel, which explicitly limited Fischoff's payment of Appellants' legal fees only to those fees "*necessary* to learn the history and background of the case." (Mot. at 3; Elec. Order, Aug. 21, 2023 (emphasis added).) Upon the completion of briefing, there was little to no work for counsel to perform on this appeal on behalf of Appellants because there was no oral argument. And because the Court has denied the appeal, there is no additional legal work to be done on the appeal that would require engaging replacement counsel.

8

Third, it is clear that Appellants' Motion attempts to litigate a legal malpractice claim against Fischoff and his firm. The Motion refers to Fischoff's "negligence in failing to timely file the adversarial proceeding and both of the Appellants' proofs of claims" and seeks financial compensation for Fischoff's alleged failure to (1) advise Appellants of the correct deadline to file the adversary complaint, (2) prepare for and take the scheduled examinations pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, (3) timely prepare for and file the adversary complaint, and (4) timely file the proofs of claims. (Mot. at 2–3, 5.) Ultimately Appellants argue that Fischoff's alleged failures "eliminated any potential relief and leverage" for Appellants in the underlying bankruptcy action. (*Id.* at 2–3.) Such a claim is properly brought in state court— not raised without any sworn testimony on a motion to condition the withdrawal of counsel in an appeal from a bankruptcy court order.

Finally, Appellants argue that they suffered prejudice because of Fischoff's alleged conduct in representing them in the underlying bankruptcy action, not in the present appeal. Appellants' Motion requests conditions on withdrawal of *appellate* counsel but fails to identify any conduct by Fischoff in representing Appellants in the present appeal that merits this Court's exercise of discretion to condition the withdrawal of counsel on the payment of legal fees. The Court will not look to conduct that occurred in the underlying bankruptcy action as a basis for conditions on the withdrawal of appellate counsel.

## CONCLUSION

For the reasons set forth above, the Court denies Appellants' Motion. (ECF No. 19.)


Dated: Central Islip, New York
March 1, 2024

                                                                              /s Nusrat J. Choudhury
                                                                        NUSRAT J. CHOUDHURY
                                                                        United States District Judge